**Michael GREEN et al., Plaintiffs,**

**v.**

**Elmer CADY, et al., Defendants.**

**No. 81–C–107.**

United States District Court,
E. D. Wisconsin.

June 23, 1981.

David C. Niblack, State Public Defender by Elizabeth Alexander, Asst. State Public Defender, Madison, for plaintiffs.

Bronson C. La Follette, Wis. Atty. Gen. by Robert D. Repasky, Asst. Atty. Gen., Madison, for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a case in which the plaintiffs, inmates at the Waupun Correctional Institution (WCI), seek injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 with respect to certain allegedly unconstitutional conditions of their confinement in a section of WCI known as the Adjustment Center. The complaint includes allegations of the existence of a plaintiff class composed of persons who are or will be confined in WCI and thus are subject to confinement in the Adjustment Center under the conditions complained of. The parties have filed submissions on the issues of the existence and definition of a plaintiff class. Although the plaintiffs also seek relief pursuant to section 53.08, Wis.Stats., they request certification of the proposed class solely for purposes of the § 1983 claims.

Rule 23, Federal Rules of Civil Procedure, sets out the requirements for certification of a class. Rule 23(a) states:

"One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims . . . of the representative parties are typical of the claims . . . of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

I am persuaded that the plaintiffs meet the Rule 23(a) prerequisites.

The proposed class is quite large and is subject to constant change. There are at least 1,000 persons currently held at WCI, and presumably that number may increase or decrease in the future as the prison population fluctuates. The exact numbers and identities of future inmates are, of course, not known. None of these present or future inmates at WCI can be excluded with certainty as a prospective resident of the Adjustment Center. Clearly, joinder of all individuals who would be appropriate parties to this action is impracticable.

■ Rule 23(a)(2) does not require that every question raised by the dispute be common, but it does require more than one common question. 7 Wright and Miller, § 1763. The complaint alleges that inmates housed in the Adjustment Center are confined under various conditions that pose risks to health and life, and that the named plaintiffs have been harmed in different ways because of these conditions. The factual questions common to the class focus on whether such conditions exist, whether such injuries occurred as a result of the described conditions, and whether such conditions continue as a general pattern or policy. The common questions of law, generally stated, are whether such confinement violates the eighth amendment and whether the relief requested is appropriate. These are sufficient to meet the Rule 23(a)(2) requirement. The applicable standards for review of prison conditions in relation to the eighth amendment have recently been examined by the Supreme Court in *Rhodes v. Chapman*, —— U.S. ——, 101 S.Ct. 2393, 69 L.Ed.2d 59 (1981).

The defendants contend that because the plaintiff inmates complain of the hazards to them arising from fires set by other inmates, an inmate class would contain antagonistic claims. I understand this to be an

argument that the Rule 23(a)(3) requirement is not met, but I find no merit to it. The case is not rendered inappropriate for resolution through class action merely because the plaintiff inmates challenge the failure of the defendants to protect them from other inmates. The complaint alleges that the plaintiffs' risk of exposure to the hazards of fire is unnecessarily high due to certain actions taken and policies followed by the defendants, such as the failure to repair the mechanism for opening windows in the Adjustment Center. Moreover, Rule 23(a) is liberally applied in constitutional rights cases. *See* 7 Wright and Miller § 1771. Accordingly, I find that the representatives' claims are typical of the class.

I am also satisfied that the interests of the class will be fairly and adequately protected. The named plaintiffs represent the full range of confinement statuses exposed to the conditions at the Adjustment Center. Plaintiffs' counsel appears to have adequate legal qualifications and experience.

The plaintiffs have the burden of meeting one of four additional requirements set out in Rule 23(b); they contend that Rule 23(b)(2) is applicable. The relevant portion of the latter rule states:

> "An action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition ... the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole...."

The complaint alleges that each challenged action of the defendants is pursuant to general policies and practices at WCI and the Adjustment Center, which it would appear are applied to all inmates. It is noteworthy that the defendants' brief states that "... inmates confined in [the Adjustment Center] would be generally confined in similar circumstances." The plaintiffs seek declaratory and injunctive relief, and I am persuaded that it is appropriate to resolve the disputes in this case in a single class action.

## CONCLUSION

Therefore, IT IS ORDERED that a plaintiff class, composed of persons who are or will be confined in the Waupun Correctional Institution and thus are subject to confinement in WCI's Adjustment Center, be and hereby is certified.